**Opinion issued June 21, 2016**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-15-00609-CR

———————————

**VICTOR ANTONIO SANCHEZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 230th District Court**
**Harris County, Texas**
**Trial Court Case No. 1458825**

---

## MEMORANDUM OPINION

Victor Antonio Sanchez pleaded guilty to the offense of first degree felony murder in return for the State's agreement to recommend a cap on punishment of 40 years in the Texas Department of Criminal Justice, Institutional Division. The trial court sentenced Sanchez to 28 years imprisonment. The trial court certification of

defendant's right of appeal indicates the trial court gave permission for Sanchez to appeal.

Sanchez's counsel on appeal has filed a motion to withdraw, along with an *Anders* brief stating that the record presents no reversible error and therefore the appeal is without merit and is frivolous. *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967). We grant counsel's motion to withdraw and affirm the trial court's judgment.

An attorney has an ethical obligation to refuse to prosecute a frivolous appeal. *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008). If an appointed attorney finds a case to be wholly frivolous, his obligation to his client is to seek leave to withdraw. *Id*. Counsel's obligation to the appellate court is to assure it, through an *Anders* brief, that, after a complete review of the record, the request to withdraw is well-founded. *Id*. at 406–07.

We may not grant the motion to withdraw until:

(1)    the attorney has sent a copy of his *Anders* brief to his client along with a letter explaining that the defendant has the right to file a pro se brief within 30 days, and he has ensured that his client has, at some point, been informed of his right to file a pro se PDR;

(2)    the attorney has informed us that he has performed the above duties;

(3)    the defendant has had time in which to file a pro se response; and

(4)    we have reviewed the record, the *Anders* brief, and any pro se brief.

*See id.* at 408–09.  If we agree that the appeal is wholly frivolous, we will grant the attorney's motion to withdraw and affirm the trial court's judgment. *See Garner v. State*, 300 S.W.3d 763, 766 (Tex. Crim. App. 2009).  If we conclude that arguable grounds for appeal exist, we will grant the motion to withdraw, abate the case, and remand it to the trial court to appoint new counsel to file a brief on the merits.  *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

Here, counsel's brief reflects that he delivered a copy of the brief to Sanchez and informed him of his right to examine the appellate record and to file a response. *See Schulman*, 252 S.W.3d at 408.  Sanchez requested access to the record, which we granted by order issued February 2, 2016.  Sanchez filed a pro se response on April 15, 2016.

Counsel's brief meets the *Anders* requirements in that it presents a professional evaluation of the record. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *see also High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978).  Counsel supplies us with references to the record and provides us with citation to legal authorities.  Counsel indicates that he has thoroughly reviewed the record and that he is unable to advance any grounds of error that warrant reversal.  *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *Mitchell v. State*, 193 S.W.3d 153, 154 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

We have independently reviewed the entire record, and we conclude that no reversible error exists in the record, that there are no arguable grounds for review, and that therefore the appeal is frivolous. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *Garner*, 300 S.W.3d at 767 (explaining that frivolity is determined by considering whether there are "arguable grounds" for review); *Bledsoe*, 178 S.W.3d at 826–27 (emphasizing that reviewing court—and not counsel—determines, after full examination of proceedings, whether the appeal is wholly frivolous); *Mitchell*, 193 S.W.3d at 155 (stating that reviewing court must determine whether any arguable issues exist). Although we may issue an opinion explaining why the appeal lacks arguable merit, we are not required to do so. *See Garner*, 300 S.W.3d at 766–67. An appellant may challenge a holding that there are no arguable grounds for appeal by filing a petition for discretionary review in the Court of Criminal Appeals. *See Bledsoe*, 178 S.W.3d 827 & n.6.

We grant counsel's motion to withdraw[1] and affirm the trial court's judgment. Attorney Melissa Martin must immediately send the notice required by Texas Rule of Appellate Procedure 6.5(c) and file a copy of that notice with the Clerk of this Court. *See* TEX. R. APP. P. 6.

---

[1] Appointed counsel still has a duty to inform appellant of the result of this appeal and that he may, on his own, pursue discretionary review in the Texas Court of Criminal Appeals. *See Bledsoe v. State*, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005).

4

**PER CURIAM**

Panel consists of Justices Keyes, Brown, and Huddle.

Do not publish.  TEX. R. APP. P. 47.2(b).